# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAUREN LEONHARD, individually and as Beneficiary of THE AMENDMENT AND RESTATEMENT OF THE JACK LIMON REVOCABLE TRUST, DATED MAY 4, 2011,<br><br>                    Plaintiff,<br>v.<br><br>(1) JUSTIN LIMON, individually and as Trustee of THE AMENDMENT AND RESTATEMENT OF THE JACK LIMON REVOCABLE TRUST, DATED MAY 4, 2011; and, (2) RONALD LIMON, individually and as Co-Trustee of THE AMENDMENT AND RESTATEMENT OF THE JACK LIMON REVOCABLE TRUST, DATED MAY 4, 2011,<br><br>                    Defendants. | Case No. CIV-24-006-JFH-JAR |

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Order on Plaintiff's Agreed Motion to Compel [Dkt. 26].

#### I. BACKGROUND

1. On July 15, 2024, Plaintiff served her First Set of Interrogatories and Request for Production upon counsel for defendant Justin Limon ("Defendant"). [Dkt. 13].

2. Plaintiff filed an Agreed Motion to Compel [Dkt. 15] on October 4, 2024 pursuant to Defendant's failure to submit discovery responses.

3. This case was referred to the undersigned by United States District

Judge John F. Heil, III on October 24, 2024. [Dkt. 19].

4. Upon the referral, this Court set the Agreed Motion for an in-person hearing on November 5, 2024. [Dkt. 20].

5. Counsel for Plaintiff, Denis Rischard ("Mr. Rischard"), appeared at the hearing but counsel for Defendant, Timothy Houchin ("Mr. Houchin"), failed to appear. Mr. Houchin did not seek or obtain leave of court prior to the hearing to excuse his appearance. *See* [Dkt. 21 at 1]. As a result, this Court granted the Agreed Motion and ordered Defendant to provide discovery responses on an expedited basis, *i.e.*, by November 11, 2024. [*Id.* at 2].

6. The Court's Order compelling discovery expressly stated: "THE FAILURE TO COMPLY WITH THIS DIRECTIVE MAY RESULT IN THE IMPOSITION OF FURTHER SANCTIONS INCLUDING THE ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT JUSTIN LIMON." [*Id.*].

7. Defendant failed to provide discovery responses by November 11, 2024 and, to date, has yet to do so.

8. In addition, the Order directed Mr. Houchin to appear in person on November 12, 2024 and show cause as to why sanctions should not be assessed against him for his failure to appear at a properly noticed hearing. [*Id.* at 3].

9. Mr. Houchin appeared at the show cause hearing and indicated, *inter alia*, that Defendant had chosen not to participate in this litigation. [Dkt. 24 at 2]. The Court noted that "Mr. Houchin will continue to be judged upon the actions or inactions of his client" and took the matter of sanctions against Mr. Houchin for

failure to appear under advisement pending an assessment of future conduct in this case. [*Id.*].

10.  Plaintiff filed her Motion for Sanctions for Failure to Comply with the Court's Order on Plaintiff's Agreed Motion to Compel on December 5, 2024. [Dkt. 26]. To date, Defendant has filed no response.

## II.  DISCUSSION

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), Plaintiff moves for an entry of default judgment against Defendant for willfully violating this Court's Order to provide discovery responses by November 11, 2024. [Dkt. 26 at 4].

Rule 37 provides that a court may enter sanctions against a party who fails to obey a court order regarding discovery. Fed. R. Civ. P. 37(b)(2)(A). Courts have "'broad inherent power to sanction misconduct and abuse of the judicial process,' including the power to enter default judgment." Amg Nat'l Corp. v. Wright, 2024 U.S. Dist. LEXIS 38421 at *4-5 (*quoting* Klein v. Harper, 777 F.3d 1144, 1147 (10th Cir. 2015)); *see also* LaFleur v. Teen Help, 342 F.3d 1145, 1149 (10th Cir. 2003) ("[F]ederal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'"); Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) (allowing courts to "fashion an appropriate sanction for conduct which abuses the judicial process").

Default judgment is a harsh sanction that should be used "only if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." Klein, 777 F.3d at 1147-48

(internal quotation marks omitted). The Court must analyze the *Ehrenhaus* factors prior to rendering default judgment against Defendant. *See* <u>Derma Pen, LLC v. 4EverYoung Ltd.</u>, 736 Fed. Appx. 741, 745-46 (10th Cir. 2018) (unpublished) (applying *Ehrenhaus* factors to request for default judgment under Rule 37(b)). These factors are: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would likely be a sanction for noncompliance; and (5) the efficacy of lesser sanctions." <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 921 (10th Cir. 1992).

As to the first factor, Plaintiff has suffered prejudice in her ability to prosecute her claims against Defendant through his unresponsiveness. Plaintiff has expended additional time and resources attempting to compel Defendant's response to her discovery requests, and this unresponsiveness is exactly the type of prejudicial action the Federal Rules of Civil Procedure aim to prevent. Without discovery, Plaintiff cannot fully litigate her claims. Accordingly, this factor favors default judgment.

Second, failure to engage in the judicial process necessarily interferes with the judicial process. Defendant has brought discovery to a standstill by refusing to respond to Plaintiff's interrogatories and requests for production of documents. Therefore, this factor also favors granting default judgment.

The third factor asks whether the disobedient party acted from "willfulness, bad faith, or some fault rather than just a simple inability to comply." <u>Lee v. Max Int'l, LLC</u>, 638 F.3d 1318, 1321 (10th Cir. 2011). The Tenth Circuit has held that a

party's repeated failure to produce materials that have always been and remain within its control is strong evidence of willfulness and bad faith. Id. Twice now Defendant has failed to produce the requested documents within his control, and Mr. Houchin disclosed his client's unwillingness to participate in this litigation during the November 12, 2024 hearing before this Court. Without responding to Plaintiff's Motion for Sanctions or giving any reason for his continued inaction, the Court concludes that Defendant's conduct is willful. Consequently, this factor favors granting Plaintiff's request.

As to the fourth factor, the Court warned Defendant in its November 5, 2024 Order that failure to respond to pending discovery may result in the imposition of further sanctions, specifically including the entry of default judgment. Accordingly, this factor likewise favors granting Plaintiff's request.

Finally, the Court has no reason to believe that lesser sanctions would be effective in this case. Under Rule 37, the Court could impose the following lesser sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in party; [or] (iv) staying further proceedings until the order is obeyed[.]

Fed. R. Civ. P. 37(b)(1)(A)(i)-(iv). It is difficult to see how any sanction ordering designating facts to be taken as established, preventing Defendant from opposing Plaintiff's claims, or striking Defendant's pleadings would have a real effect on the present case. The Court notes Defendant's complete lack of filings since answering

the initial complaint, as well as the fact that Mr. Houchin has noted Defendant's unwillingness to participate in this litigation. Imposing these lesser sanctions would do nothing other than expend more time and resources of Plaintiff and this Court. Likewise, staying further proceedings would be less than helpful, as the basis for sanctions against Defendant is his unresponsiveness that has effectively "stayed" the proceedings for over a year. The requested sanctions must serve to move this case along rather than prolong it further. Thus, all five *Ehrenhaus* factor favor rendering default judgment against Defendant.

### III. CONCLUSION

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiff's Motion for Sanctions for Failure to Comply with the Court's Order on Plaintiff's Agreed Motion to Compel [Dkt. 26] be **GRANTED**. The parties are herewith given fourteen (14) days from the date of service of this Report and Recommendation to file any objections with the Clerk of the court. Any objection and response thereto shall be limited to ten (10) pages in length, and a reply is permitted only with leave of court upon a showing of good cause. Failure to object to this Report and Recommendation within fourteen (14) days will preclude review of this decision by the District Court. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

DATED this 2nd day of September, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE